IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge John L. Kane

Civil Action No. 08-cv-02337-JLK
Criminal Action No. 08-cr-00145-JLK

UNITED STATES OF AMERICA,

v.

1.     JUVENTION MENDOZA-SOTO,

    Movant.

ORDER FOR AMENDED 28 U.S.C. § 2255 MOTION

Kane, J.

    Movant, Juvention Mendoza-Soto, filed *pro se* on October 24, 2008, a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #22) with a supporting memorandum and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (Doc. #23). The Court must construe the documents liberally because Mr. Mendoza-Soto is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mendoza-Soto will be ordered to file an amended § 2255 motion.

    The Court has reviewed the 28 U.S.C. § 2255 motion filed by Mr. Mendoza-Soto and finds that the motion does not comply with Rule 2(c) of the Rules Governing

Section 2255 Proceedings for the United States District Courts. Rule 2(c) provides that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Although Mr. Mendoza-Soto has submitted a form § 2255 motion, he does not assert his claims on that form. Instead, he refers to an attached memorandum in support of the § 2255 motion. The § 2255 motion Mr. Mendoza-Soto submitted does not substantially follow the form § 2255 motion appended to the Rules Governing Section 2255 Proceedings or the form § 2255 motion available from the clerk of the Court.

Furthermore, the Court finds that Mr. Mendoza-Soto fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, "[t]he Federal Rules of Civil Procedure . . . , to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Therefore, the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure apply to Mr. Mendoza-Soto's § 2255 motion.

Pursuant to Fed. R. Civ. P. 8(a)(2), Mr. Mendoza-Soto must provide a short and plain statement of his claims showing that he is entitled to relief. The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mendoza-Soto's claims are not presented in a clear and concise manner that allows the Court and the government to know precisely how he believes his rights have been violated and why he believes he is entitled to relief. Therefore, Mr. Mendoza-Soto will be directed to file an amended 28 U.S.C. § 2255 motion if he wishes to pursue his claims. He must present his claims clearly and concisely in a manner that substantially follows either the form appended to the Rules Governing Section 2255 Proceedings or the Court's own form motion that is available from the clerk of the Court.

Finally, Mr. Mendoza-Soto's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action will be denied as unnecessary because a filing fee is not required in a 28 U.S.C. § 2255 action. *See* Rule 3 of the Rules Governing Section 2255 Proceedings, 1976 advisory committee note ("There is no filing fee required of a movant under these rules . . . to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack."); *see also United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). Accordingly, it is

ORDERED that Movant, Juvention Mendoza-Soto, shall have **thirty (30) days from the date of this order** to file an amended 28 U.S.C. § 2255 motion that complies with the requirements specified in this order. It is

FURTHER ORDERED that the § 2255 motion filed on October 24, 2008, (Doc. #22) will be denied without further notice if Mr. Mendoza-Soto fails to file an amended § 2255 motion within the time allowed. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (Doc. #23) filed on October 24, 2008, is denied as unnecessary.

DATED at Denver, Colorado, this 5th day of November, 2008.

BY THE COURT:

  S/John L. Kane
JOHN L. KANE, Senior Judge
United States District Court